UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victor Sivilli,<br><br>         Plaintiff,<br><br>v.<br><br>Wright Medical Technology, Inc., et al.,<br><br>         Defendants. | Case No.: 18-cv-2162-AJB-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (Doc. No. 3)** |

  Before the Court is Wright Medical Technology and MicroPort Orthopedics, Inc.'s motion to dismiss. (Doc. No. 3.) Defendant Wright Medical Group was previously dismissed for lack of jurisdiction. (Doc. No. 17.) Defendants challenge the sufficiency of several causes of actions in Plaintiff Victor Sivilli's complaint. (*Id.*) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion. (Doc. No. 3.)

        **I. BACKGROUND**

  Plaintiff brings this products liability and negligence action against defendants Wright Medical Technology, Inc., ("WMT"), Wright Medical Group, N.V., and MicroPort Orthopedics, Inc. for alleged defects in a hip replacement device. (Doc. No. 1-3 at 2–3.) Plaintiff alleges defendants knew their hip replacement device "was prone to fail within a few years of implantation although hip implant devices typically last more than twenty

years." (*Id.* ¶ 1.) Plaintiff asserts "Defendants have long known that their Device tends to fracture at the location of the highest tensile stress concentration in the Neck-Stem-Body transition of the Device even during low or moderate physical activity." (*Id.*)

After the device was implanted into Plaintiff, he began to suffer "pain, debilitation, and hospitalization, and was forced to undergo revision surgery because the Device was defective and Defendants failed to warn adequately of the dangers of the Device." (*Id.* ¶ 2.)

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

### B.   Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not

just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." V*ess v. Ciba–Geigy Corp. U.S.A.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. *Id.* "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of 9(b)." *Id.* However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. *Id.* at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." *Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

### III.   DISCUSSION

Defendants seek to dismiss Plaintiff's: (1) first claim based on strict products liability for a manufacturing defect; (2) fourth claim for negligence for failure to warn/retrofit; (3) third, sixth, and seventh claims grounded in fraud; and (4) punitive damages claim.

**1.   First Claim for Strict Products Liability**

Defendants argue Plaintiff fails to meet the pleading standard for a manufacturing defect claim because he forgoes factual allegations and makes conclusory statements. (Doc. No. 3-1 at 9.) "A manufacturing defect is 'one that differs from the manufacturer's intended result or from other ostensibly identical units of the same line of products.'" *Tapia*

*v. Davol, Inc.*, 116 F. Supp. 3d 1149, 1157 (S.D. Cal. 2015) (quoting *Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 429 (1978)). "A 'manufacturing defect' theory posits that a 'suitable design is in place, but that the manufacturing process has in some way deviated from that design.'" *Id.* (quoting *In re Coordinated Latex*, 99 Cal. App. 4th 594, 613 (2002)). "A manufacturing defect [is] a legal cause of injury only if the defect [is] a substantial factor in producing the injury." *Id.* (internal quotations omitted). "To satisfy *Twombly* and *Iqbal*, plaintiffs should 'identify/explain how the [product] either deviated from [defendant's] intended result/design or how the [product] deviated from other seemingly identical [product] models.'" *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prod. Liab. Litig.*, 754 F. Supp. 2d 1208, 2333 (C.D. Cal. 2010) (quoting *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th at 613 (2002)).

Here, Defendants correctly argue Plaintiff's allegations fails to allege "*how* the specific PROFEMUR hip system implanted in Plaintiff has a manufacturing defect." (Doc. No. 3-1 at 9.) Plaintiff's entire complaint reads like a design defect claim. For example, Plaintiff alleges "Defendants have known for several years that their hip replacement device – PROFEMUR® Total Hip System – was prone to fail within a few years of implantation. . . ." (Doc. No. 1-3 ¶ 1.) Plaintiff notes that "Defendants have long known that their Device tends to fracture at the location of the highest tensile stress concentration in the Neck0Stem0Body transition of the Device. . . ." (*Id.*) Later in Plaintiff's complaint, he notes the design changes Defendants made to their device and alleges they failed to keep the FDA comprised of these changes per the 510(k) Premarket Approval process. (*Id.* ¶¶ 29–45.) Plaintiff argues Defendants failed to notify doctors and failed to warn patients of the changes in the Device's modular necks. (*Id.* ¶¶ 47–52.) Repeatedly, Plaintiff alleges complaints about the Device's neck, that Defendants were aware of the Device's failure rates, and that they failed to do anything. Critically, Plaintiff alleges his own device:

> was and is unreasonably dangerous as a result of one or more of a combination of the following:

(1) the neck was **designed** in such a manner . . . .;

(2) the surface of the section of the neck that was inserted into the femoral stem was **designed** in such a manner . . . .;

(4) the components were **designed** in such a way . . . .;

(5) the components were **designed** in such a way . . . .;

(*Id.* ¶ 74 (emphasis added).) Nowhere in the section labeled "PLAINTIFF VICTOR SIVILLI'S PROFEMUR® DEVICE" does he allege a single fact showing the Device was suitably designed, "but that the manufacturing process has in some way deviated from that design." *Tapia*, 116 F. Supp. 3d at 1157. To add insult to injury, Plaintiff references the Device's poor "design" five more times in this section. (*Id.* ¶¶ 76, 77, 78, 79, 82.) Only when Plaintiff states his first claim for relief does he mention that his Device "was defectively manufactured because it differed from the manufacturer's design and specifications, or from typical units of the same product line." (*Id.* ¶ 100.)

Plaintiff's abrupt shift from design defect to a manufacturing one—95 paragraphs into his complaint—cannot establish a claim as such. Fracturing his claim even more is the fact that he failed to allege any facts alleging how the device deviated from other models. A conclusory statement alleging his Device was manufactured differently than other devices does not survive *Iqbal*/*Twombly*. Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim and **DISMISSES** Plaintiff's first cause of action for a manufacturing defect.

### 2. Negligence – Failure to Recall/Retrofit

Defendants next argue Plaintiff's fourth claim for negligence – failure to recall/retrofit should be dismissed for failure to state a claim. (Doc. No. 3-1 at 10.) The elements of a negligence claim for failure to recall/retrofit are:

(1) defendant manufactured/distributed/sold the product; (2) defendant knew or reasonably should have known that the product was dangerous when used in a reasonably foreseeable manner; (3) defendant became aware of this defect after the product was sold; (4) defendant failed to recall/retrofit; (5) that a reasonable manufacturer/distributor/seller under the same or similar

circumstances would have recalled/retrofitted the product; (6) plaintiff was harmed; and (7) defendant's failure to recall/retrofit was a substantial factor in causing plaintiff's harm.

*Arnett v. Seaside Transportation Services, LLC*, No. 13–cv–01672–WHO, 2014 WL 117325, at *5 n.6 (N.D. Cal. Jan. 13, 2014) (quoting California Jury Instruction, CACI No. 1223).

Defendants argue all of Plaintiff's assertions are conclusory. (Doc. No. 3-1 at 10.) However, the Court finds Plaintiff had adequately pleaded the first, second, third, fourth, sixth, and seventh factors throughout its complaint. Plaintiff's theory of the case is clear: Defendants designed a product, then re-designed a defective product without notifying the FDA, doctors, or the Device's users of the changes, causing substantial injury to those using the product. The only element Plaintiff fails to plead is the fifth one as Plaintiff only offers a formulaic recitation of the element. (Doc. No. 1-3 ¶ 121.) As is now well known, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Accordingly, the Court **GRANTS** Defendants' motion to dismiss this claim, but also **GRANTS** Plaintiff leave to amend this claim to add additional facts alleging that a reasonable manufacture would have recalled or retrofitted this product under similar circumstances.

### 3. Fraud-Related Claims

Defendants move to dismiss Plaintiff's three claims they argue are grounded in fraud: the fifth, sixth, and seventh claims for fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. (Doc. No. 3-1 at 11.) Defendants assert these fraud-based claims "fail to satisfy the heightened pleading standard of Rule 9(b)." (*Id.*) "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citation omitted). Pursuant to Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

The elements of a <u>fraudulent misrepresentation</u> claim are:

(1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff.

*Mottale v. Kimball Tirey & St. John, LLP*, No. 13cv1160-GPC-JMA, 2013 WL 5570193, at *3 (S.D. Cal. Oct. 9, 2013) (quoting *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 434 (2010)).

The elements of a <u>fraudulent concealment</u> claim are:

(1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact.

*Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1142 (S.D. Cal. 2016) (quoting *Graham v. Bank of America, N.A.*, 226 Cal. App. 4th 594, 606 (2014)).

The elements of a <u>negligent misrepresentation</u> claim are: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damages." *Mottale*, 2013 WL 5570193, at *3 (quoting *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009)).

Regarding Defendants' argument that Plaintiff's complaint fails to state a claim for these causes of action, the Court concludes the opposite. Plaintiff adequately alleges his theory with specificity, including details surrounding the alleged fraudulent misrepresentations, concealment, and negligent misrepresentations. (*See* Doc. No. 10 at 7–

1 | 9 for examples of how Plaintiff met this burden.)

Defendants also argue that Plaintiff improperly lumps three defendants together without denoting each defendant's role in the schemes. Left in the case are Defendants Wright Medical Technology, Inc., Microport Orthopedics, and Wright Medical Group, N.V.—who has yet to be served, (Doc. No. 1-15, Hickson Decl., ¶ 6). Plaintiff does collectively refer to each company as "Defendants," and states they were "engaged in the business of designing, licensing, manufacturing, distributing, selling, marketing and/or introducing into interstate commerce . . . the PROFEMUR® Total Hip System." (Doc. No. 1-3 ¶¶ 12–14.) Yet, Plaintiff does not differentiate which facts pertain to which defendant or note each defendant's role. Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLO*, 476 F.3d 756, 764–65 (9th Cir. 2007). "[T]he plaintiffs must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'" *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)).

Thus, the Court **GRANTS** Defendants' motion to dismiss these three fraud-based claims with leave to amend to denote the role of the Defendants in the fraudulent scheme.

**4.    Punitive Damages**

Finally, Defendants move to dismiss Plaintiff's claim for punitive damages. (Doc. No. 3-1 at 14.) Plaintiff asserts Defendants' request should be denied as it is predicated on the failure of its fraud-based claims. (Doc. No. 10 at 10.) The Court notes there is growing support in federal district courts that a motion to dismiss under Rule 12(b)(6) is not "the appropriate vehicle to challenge the sufficiency of a prayer for punitive damages." *Sturm v. Rasmussen*, No.: 18-CV-01689-W-BLM, 2019 WL 626167, at *3 (S.D. Cal. Feb. 14, 2019). Nevertheless, the Court agrees with Plaintiff that even if it could consider Defendants' arguments at this stage, the Court has not dismissed Plaintiff's fraud-based claims without leave to amend. Thus, the Court **DENIES** Defendants' request to

dismiss punitive damages.

## IV.   UNSERVED DEFENDANT

As noted above, Wright Medical Group, N.V. has not yet been served, despite it now being almost a year since the case was removed. (Hickerson Decl. ¶ 6.) The Court gives Plaintiff a choice: (1) either name Wright Medical Group, N.V. in the First Amended Complaint, timely serve them, and file proof of service with the Court; or (2) dismiss them entirely from the case and omit naming Wright Medical Group, N.V. as a defendant in the FAC.

## V.   CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. (Doc. No. 3.) The Court **DISMISSES** without leave to amend Plaintiff's first cause of action for manufacturing defect. The Court **DISMISSES** with leave to amend the fourth claim for negligent failure to recall/retrofit only to specify facts pertaining to whether reasonable manufacturers would have recalled or retrofitted the product. The Court also **DISMISSES** with leave to amend Plaintiff's fifth, sixth, and seventh fraud-based claims only to allege with more specificity each defendant's role in the alleged scheme. Finally, the Court **DENIES** Defendants' motion to dismiss the claim for punitive damages.

Plaintiff must file his First Amended Complaint in compliance with the Court's instructions herein by **August 26, 2019**.

**IT IS SO ORDERED.**

Dated:  August 12, 2019

Hon. Anthony J. Battaglia
United States District Judge